JULIAN NARCISSE MARQUET, BY HIS NEXT FRIEND, V.
ANTON LA DUKE.

*Negligence—Keeping savage animals—Evidence.*

1. One who keeps an untamed and savage bear in grounds which
   he knows are frequented by citizens, with his acquiescence,
   is charged with a greater degree of care than if the locality
   were more private; and evidence of how the grounds are
   occupied and used is admissible, in a suit to recover for
   injuries received from being bitten by the bear, as bearing
   upon the question of the defendant's negligence, and the alleged
   public character of the place.

2. Evidence that a father orders and pays for supplies for a hotel,
   in which he keeps a saloon, and which he claims is run by
   his son, is admissible as tending to show the father's pro-
   prietorship of the hotel.

3. A witness who was shown a lease of a hotel from a father to
   his son cannot testify, in a suit in which the question of
   which is the proprietor is in issue, that they told him that
   the son ran the hotel.

Error to Menominee.    (Stone, J.)    Argued June 27,
1893.    Decided July 26, 1893.

Case.    Defendant brings error.    Affirmed.    The facts are
stated in the opinion.

*J. M. Opsahl (B. J. Brown,* of counsel), for appellant.
*Sawyer & Waite,* for plaintiff.

HOOKER, C. J.    The defendant appeals from a verdict
and judgment rendered against him, in favor of a child of
six years of age, who was bitten by a bear alleged to have
been kept by defendant.

The following is a copy of the declaration:

" Julian Narcisse Marquet, by his next friend, Narcisse Marquet,
of the city of Menominee, in said county, plaintiff herein, by

Sawyer & Waite, his attorneys, complains of Anton La Duke, defendant herein, of a plea of trespass on the case, filing this declaration, entering rule to plead, etc., as commencement of suit.

"For that whereas, the defendant above named, on October 24, 1891, and for a long time previous thereto, had occupied and controlled the Eagle Hotel, a public house, situated in the city of Menominee, Mich.; that there were public grounds surrounding said hotel, to which the public was invited, and through which it (the public) was freely permitted to pass; that said Eagle Hotel, on said 24th day of October, was occupied as a public house of entertainment, and the grounds about the same were open as a place of recreation to people in a public way, and were uninclosed, free access being given to said grounds from Ogden avenue, a public street, on the south, and from Dunlap avenue, another public street, upon the north; that upon the said 24th day of October, and for a long time, to wit, for one month or more, previous thereto, the defendant kept two black bears in the grounds about said hotel, between it and Ogden avenue; that said bears were untamed, savage, and ferocious, which was well known to the defendant; that said bears were not confined or excluded from contact with people who passed through said grounds, save and except by a chain fastened to a collar about their necks, and connected to a post in the ground at the other end, said chain being 10 or 12 feet long; that there was a way or road leading from Ogden avenue to Dunlap avenue, aforesaid, through the grounds above mentioned, and near where the bears aforesaid were placed, along which way people—men, women, children—and vehicles were allowed and invited to pass by said defendant, in close proximity to said bears, so close that said bears could seize persons passing along the same; that on said 24th day of October, aforesaid, the plaintiff herein, a boy between five and six years of age, in company with other children, was passing through the grounds contiguous to said Eagle Hotel, near where said bears were chained, when, without any negligence on the part of the plaintiff, one of said bears so kept and owned by defendant as aforesaid seized plaintiff in a ferocious manner, with its paws and teeth, and lacerated, bit, bruised, and scratched him, making large wounds in his head and body with its claws and teeth, and otherwise lacerated and injured the plaintiff, whereby his under jaw was broken in three places, his left arm broken in two places, and his shoulder smashed in a frightful manner, and other injuries then and there did to the plaintiff, whereby he has suffered great physical pain and anguish, having to undergo painful surgical operations by reason thereof, being confined to his bed in a critical condition for a long time; that said injuries were caused solely on account of the negligence, carelessness, recklessness, and heedlessness of the defendant, who

was well aware and had full knowledge and notice of the ferocious and savage nature and ugly disposition of said bears; that said defendant was negligent, heedless, reckless, and careless in keeping said bears in a place so exposed, without providing a watch or guard over them, and without placing a fence or pen around them, and defendant was guilty of recklessness and negligence in keeping said bears in the open grounds, where people could come in contact with them; that it was heedless and reckless to keep said bears in such an exposed place, fastened with a chain as long as the one with which they were fastened on said day; that it was negligent in said defendant to keep said bears anywhere without having them securely guarded and protected, that children of tender years could not come in contact with them; that plaintiff suffered great damage by reason of the biting, scratching, wounding, bruising, breaking, and lacerating, as aforesaid, whereby he was caused great pain and suffering, and permanently disabled and crippled, to wit, to the amount of $10,000. Therefore the plaintiff demands judgment against the defendant for the sum of $10,000, together with the costs in and about this action incurred and expended."

Upon the argument it was contended that the proofs did not support the allegations of the declaration in the following particulars, viz.:

1. That the grounds where the child was bitten were public grounds, and open to the people in a public way.
2. That they were uninclosed.
3. That the driveway passed through them.
4. That the bears were so close to the driveway that they could seize persons upon it.
5. That the plaintiff was on the driveway without negligence when seized.

If it is to be held that the grounds must have been owned by the public to support the declaration, it must be admitted that the declaration was not supported by the proof. But the plain meaning of the declaration is that defendant occupied and controlled the premises where the bears were kept, and that he opened them to the general public. The statement that they were uninclosed is qualified by the explanation that free access was given from streets on the north and south. Proof that sustains this interpretation of the declaration is not wanting in the

record.  There was also evidence tending to show that the
road or driveway passed through the grounds as alleged.
There was evidence that the driveway had no gate at one
end, and that the driveway had been put there for the
convenience of people passing through who wanted to go
to the hotel, and that it was frequently used by persons,
especially by footmen, going from one street to the other.
We find no proof sustaining the allegation that the bears
could seize people within the driveway, but it is imma-
terial, and may be treated as surplusage, as the declaration
does not allege that the child was in the driveway when
seized by the bear, but states that he was passing through
the grounds contiguous to the hotel when seized.  There
being proof that the defendant was the keeper of the bear,
that the place was public, in the sense mentioned, and
that the plaintiff was bitten at the place stated, there was
enough to go to the jury, and the trial court properly
refused to direct a verdict for the defendant.  This dis-
poses of the 1st, 2d, 12th, and 13th assignments of error.

A point is raised over the admission of evidence tend-
ing to show how the grounds were occupied and used.
We think, however, that this was admissible, as bearing
upon the question of negligence.  If defendant kept a bear
in a place that he knew to be frequented by the citizens
with his acquiescence, the degree of care required would
be greater than it would be if the locality were more
private.  It also bore on the question of the alleged pub-
licity of the place.  This disposes of the 3d, 5th, and 6th
assignments of error.

A number of witnesses testified to dealings with the
defendant in relation to supplies furnished for the hotel,
and, while we may not be impressed with the justice of
the finding of the jury upon the subject, we must recog-
nize the fact that evidence tending to show that defendant
ordered and paid for such supplies tended to show his pro-

prietorship.   The 4th and 9th assignments apply to evidence of this kind.

W. Reindl, a witness for the defendant, testified upon direct examination that he was a brewer, and sold beer to the defendant for the saloon that was kept on the premises. He stated that John La Duke, defendant's son, kept the hotel, and that defendant owned the saloon.   He knew that defendant owned the saloon because he was his bondsman. On cross-examination he stated that he concluded that the son ran the hotel, and was in possession of the premises, because they showed him the lease from defendant to his son, and told him so.   He said that was all the way he knew, whereupon the court struck out his answer, except as to his statement that he saw the lease.   In so doing, the court committed no error, as the evidence was hearsay.

We find no error, and the judgment must be affirmed.

The other Justices concurred.