# JANUARY TERM, 1922.

KOSNICKI *v*. PERE MARQUETTE RAILWAY CO.

1. APPEAL AND ERROR—RES JUDICATA.

In an action against a railroad company for personal in-
juries, an objection that plaintiff did not make the case
alleged in the declaration, in that no showing was made
that defendant assumed liability for torts committed while
the property of said company was in the hands of re-
ceivers, *held*, determined adversely to defendant on the
former review of this case (205 Mich. 387).

2. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

In reviewing the denial of a motion for a new trial on
the ground that the verdict was against the great weight
of the evidence, the Supreme Court must view the testi-
mony in the light most favorable to the plaintiff.

3. NEW TRIAL—WEIGHT OF EVIDENCE.

Verdict *held*, not against the great weight of the evidence.

ON REHEARING

4. TRIAL—SPECIAL QUESTIONS MUST BE CONTROLLING ON MAIN
ISSUE.

In the submission of a special question to the jury under
3 Comp. Laws 1915, § 12611, the question must be so
framed as to call for an answer which may be controlling
on the main issue.

5. SAME—NOT ERROR TO REFUSE SPECIAL QUESTION NOT CON-
TROLLING MAIN ISSUE.

Where the negligence counted upon by plaintiff was the
frightening of his horse by the blowing of the locomotive
whistle at the crossing, the trial court was not in error
in refusing to submit to the jury the special question as
to whether the whistle was sounded at the whistling post,

(245)

since an answer thereto would not be controlling of the main issue.

6. APPEAL AND ERROR—OBITER DICTUM.
   Where, on review of a directed verdict in favor of defendant, the question of the weight of the evidence was not before this court, an expression of opinion that "the testimony of disinterested witnesses is most convincing that plaintiff was mistaken in his testimony," etc., was *obiter dictum*.

7. SAME—RETRIAL—NEW TRIAL—WEIGHT OF EVIDENCE.
   Where the Supreme Court reversed a directed verdict for defendant on the ground that there was a case for the jury, it will not, on review of a verdict for plaintiff on substantially the same record, on retrial, set it aside as against the weight of the evidence.
   CLARK and SHARPE, JJ., dissenting on rehearing.

Error to Manistee; Cutler (Hal. L.), J. Submitted June 17, 1921. (Docket No. 78.) Decided October 3, 1921. Resubmitted December 1, 1921. Former opinion affirmed February 8, 1922.

Case by Frank Kosnicki against the Pere Marquette Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Parker, Shields & Seaton* (*Charles N. Belcher*, of counsel), for appellant.

*Howard L. Campbell* and *Thomas Smurthwaite*, for appellee.

MOORE, J. This is a personal injury case. It comes to this court for the second time. The opinion of the court will be found in 205 Mich. 387. Since then the case has been twice tried. One trial resulted in a disagreement of the jury, the other a judgment in favor of the plaintiff for $2,250. From this judgment defendant has brought the case here by writ of error. Upon the first trial the circuit judge directed a verdict in favor of the defendant. This court reversed that

case. A reading of the opinion in 205 Mich. 387 will show why this court reversed the case, and will also make a long statement of facts now unnecessary.

Upon the last trial at the close of all the testimony the following occurred:

"*Mr. Shields:* If the court please, I move that the court direct a verdict in this case in favor of the defendant, on the grounds:

"*First:* Under the pleadings and proofs in this case, the plaintiff has failed to make out a case which should be submitted to the jury.

"*Second:* No actionable negligence has been proven.

"*Third:* The plaintiff is guilty of contributory negligence as a matter of law.

"*Fourth:* The plaintiff has not sustained the burden of proving the negligence alleged, and that the damages sustained by the plaintiff was the proximate result of the blowing of the whistle.

"*The Court:* I will take the motion under advisement.

"*Mr. Shields:* I request that the following special question be submitted to the jury, your honor:

"*Q.* Was the locomotive whistle sounded at the whistling post?

"*The Court:* What do you say about this, Mr. Smurthwaite?

"*Mr. Smurthwaite:* I object to it as immaterial.

"*The Court:* It will be denied on the ground it does not call for a finding on a question of fact which is conclusive of the real issue involved in the case."

Later the trial judge gave the case to the jury in a carefully prepared written charge which had been submitted to the counsel for both parties, and had their approval. As already stated, a verdict for $2,250 was rendered in favor of the plaintiff. A motion was made for a new trial upon substantially the same grounds stated in the motion for a directed verdict. The motion was overruled. Counsel for the appellant now present the same questions that were presented to the trial court in the motions for a directed verdict and a new trial.

The first question we will consider is, Did the plaintiff make the case alleged in the declaration? Counsel say in their brief:

"The declaration in this case alleges a cause of action against Paul King and Dudley Waters, as receivers of the Pere Marquette Railroad Company and alleges further that the Pere Marquette Railway Company, the defendant in this case, assumed the liabilities and obligations of 'said railroad company that caused the injury complained of on account of which this suit is instituted.' Not a single word of testimony was offered at the trial to prove that the Pere Marquette Railway Company, the defendant, assumed liability for this tort committed while the properties of the Pere Marquette Railroad Company were being operated by the receivers appointed by the United States Court."

This question was first presented in the notice attached to the plea of the general issue. Counsel for the appellee say:

"On October 25, 1917, counsel for plaintiff served notice of the hearing of the motion for the determination, by the court, of the matters set forth in the defendant's plea and notice of want of jurisdiction of this court to hear and determine this cause.

"This motion came on to be heard on the 1st day of the next term of the circuit court for Manistee county, at which time the final decree of the district court of the United States, within and for the eastern district of Michigan, southern division, in the case of The American Brake & Shoe Foundry Company, plaintiff, v. The Pere Marquette Railroad Company, in Equity, No. 5467, dated January 29, 1917, was introduced in evidence, from which it appeared that on said 29th day of January, 1917, the said final decree was made and entered, in said Federal court, and by its terms the purchasers of the said railroad properties, who were incorporated as the present defendant corporation, assumed all liabilities of said defendant corporation, which arose after the date of said decree.

"The circuit court for the county of Manistee, after

hearing the motion and the arguments of counsel on both sides, overruled the special notice, which was in the nature of a plea in abatement under the former practice, held that the liability in this case, if any, was that of the defendant, and ordered the defendant to prepare for the trial of the cause. The proceedings and ruling of the court appear in the record at page 14.

"It was thus adjudicated and determined by the trial court in this case, as a question of law that the cause of action set forth in the declaration occurred after the making and entering of said final decree, which expressly made the liability that of the defendant in this cause, and thus established as the law of this case."

This action was taken before the case came here the first time. If the point was well taken this court could not well reverse the case and direct a new trial as it did in fact.

Did the court err in overruling the motion for a new trial because the verdict was against the great weight of the evidence? That question was not passed upon because of the condition of the record when the case was here before. It is properly presented now. In a motion of this character we must view the testimony in the light most favorable to the plaintiff. *Benjamin* v. *McGraw*, 208 Mich. 81.

In giving his reasons for refusing a new trial the judge said in part:

"A new trial will be granted, where the verdict is plainly, manifestly, palpably, clearly, decidedly, or strongly against the evidence or the weight of evidence. Where the verdict is so strongly against the weight of the evidence as to shock the court's sense of justice, or indicate that the jury were influenced by passion, prejudice or other improper motive, a new trial will presumably be granted in any jurisdiction. * * * Yet, it is generally held an invasion of the province of the jury to set aside a verdict that is not clearly or decidedly against the evidence, or the weight of the

evidence. It is usually held that a new trial should not be granted because the verdict appears to be against the mere preponderance of the evidence, or merely because the trial judge would probably have reached a conclusion different from that of the jury. Where the evidence was so conflicting that different persons might honestly and intelligently have formed different conclusions therefrom, the verdict should stand. * * * See 29 Cyc. pp. 820-930; *Rice* v. *Railway Co.*, 208 Mich. 142; *In re McIntyre's Estate*, 160 Mich. 117; *Fishleigh* v. *Railway*, 205 Mich. 167; *O'Dell* v. *Straith*, 208 Mich. 509; *Druck* v. *Antrim Lime Co.*, 177 Mich. 364, 374; *Pachuczynski* v. *Railway*, 202 Mich. 594.

"The case of *Fishleigh* v. *Railway*, 205 Mich. 161, will be found a very instructive case upon the questions as to whether the verdict was against the weight of the evidence or excessive. Mr. Justice FELLOWS, in a very well considered opinion, circumscribed the rights and limitations of courts to substitute their judgment for that of the jury, the triers of the facts. * * *

"After a very careful reading of the authorities above cited, I am unable to say that the verdict should be disturbed as being against the weight of the evidence or as being excessive."

The case has been tried three times. If because of the case then presented by the record we found it our duty to set aside a directed verdict, we think it should not be said upon this record that the judge erred in not directing a verdict for the defendant.

The other assignments of error have been examined but will not be discussed.

The case was carefully tried. It was submitted to the jury in a charge covering more than 16 printed pages in the record, which had the approval of counsel before it was given. We find no reversible error.

The judgment is affirmed, with costs to the plaintiff.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.

## On Rehearing.

Moore, J.  Since the opinion was handed down a rehearing upon the application of the appellant has been ordered.  We will consider the question of whether the failure to submit the special question to the jury was reversible error.  The statutory provision in relation to the submission of special questions is found in section 12611, 3 Comp. Laws 1915.  In construing that statute it has been repeatedly held that the question must be so framed as to call for an answer which may be controlling on the main issue. *Cousins* v. *Railway Co.*, 96 Mich. 386; *Malkowski* v. *Olfs*, 161 Mich. 303; *Grimme* v. *Fraternal Aid Ass'n,* 167 Mich. 240; *Taylor* v. *Electric Co.*, 184 Mich. at p. 591 (L. R. A. 1915E, 294).

The plaintiff testified in the most positive language that the locomotive was at the crossing when the whistle was blown, and that it was not blown before that.  On the other hand there was testimony that the whistle was blown at the signal post, and that it was not blown at the crossing.  Of course all of this testimony could not be true.  It might be, however, that a witness would hear it at one place and not at another.  The conflicting testimony presented a case for the jury.

The decisive question is, Was the blowing of the whistle at the crossing the proximate cause of the fright of the horse, as claimed by the plaintiff?  We quote part of the charge:

"If the plaintiff is entitled to recover in this case at all, he is entitled to recover because of the fact that the whistle was blown at the crossing in question, being Walker's crossing, and because of the fact that the whistle frightened the horse and was the proximate cause of the plaintiff's injury, if any you find."

Several times the court said to the jury that unless the whistle was blown at the crossing the plaintiff

could not recover.    We agree with the trial judge that an answer to the special question would not be controlling.

It is again urged that the case should be reversed because against the weight of the evidence and a quotation is made from the opinion of Justice KUHN that "the testimony of disinterested witnesses is most convincing that plaintiff was mistaken in his testimony," etc. ˙ This expression of Justice KUHN was *obiter dictum,* for the record as there made did not call for an expression of opinion on the weight of the evidence.

This court reversed a directed verdict and said there was a case for the jury.    It would be cold comfort for the plaintiff for this court to say there was a case for the jury when it had in mind that if the jury returned a verdict upon substantially the same record it would be set aside as against the weight of the evidence.    It would be another instance of handing one a stone when he asked for bread.    The trial judge in overruling the motion stated the correct rule of the law.

The judgment of the court below should be affirmed, with costs.

FELLOWS, C. J., and WIEST, STONE, BIRD, and STEERE, JJ., concurred with MOORE, J.

SHARPE, J. (*dissenting*).    On further consideration of this case, I am impressed that the trial court erred in refusing to grant a new trial for the reason that the verdict was against the overwhelming weight of the evidence.

The issue was plainly submitted to the jury in the following instruction:

"Was the plaintiff's horse in the position as claimed, and was the whistle of the locomotive blown while it was directly upon the crossing, as claimed; and if so, was the blowing of that whistle the proximate cause

of injury received, or the frightening of the horse which caused the injury to the plaintiff; was the plaintiff injured, and did he sustain damages because of that injury, and was the plaintiff free from contributory negligence? These are questions you must find."

The plaintiff testified that the whistle was blown when the locomotive "was right on the crossing." No other witness so testified. Newton Stanage, a witness called by plaintiff, who stopped plaintiff's horse as it was running, testified that he was about 60 rods from the crossing; that he "didn't hear a whistle at the time the train reached the crossing," though he "heard the rumble of the train."

Three witnesses, called by defendant, swore positively that the whistle was blown at the whistling post. Jay Clark, one of these witnesses, was about 40 rods from the whistling post. He had seen the snow plow pass a short time before and his attention was attracted to the train. He heard no whistle at the crossing. Jarred W. McDonald, one of defendant's section men, was working, removing the snow, right at the crossing. He saw and heard the train and heard the whistle at the whistling post. He suggested to plaintiff that "the train was coming and he had better look after his horse." He testified positively that "the whistle of the locomotive was not sounded that day when the engine was at or on the crossing." He then stood "within ten feet of it." Michael Grainey, the engineer, also testified that the only whistle blown was at the whistling post.

I have examined the record when this case was formerly submitted (205 Mich. 387) and compared it with that now before us. There is no material difference in the proofs on the question under consideration. Mr. Justice KUHN, speaking for the court, then said (page 392):

"The testimony seems to be undisputed that the

whistle was blown only once, so the real question at issue in the case was, Where was the whistle blown? Upon the record as made, the testimony of disinterested witnesses is most convincing that the plaintiff was mistaken in his testimony upon this disputed fact, but as the question of the weight of the evidence is not before us, we are constrained to come to the conclusion that it was the duty of the trial judge, on the record as made, to submit to the jury the question whether or not, if the plaintiff's version of the accident is to be believed, that the whistle was blown at the crossing, the employees of the defendant exercised such reasonable diligence and care as they should have under the circumstances which existed at the time."

I am now of the opinion, as then expressed, that the testimony "is most convincing that the plaintiff was mistaken in his testimony upon this disputed fact."

This is the first time a verdict in favor of plaintiff has been reviewed in this court. That the testimony of the plaintiff supports the verdict is not conclusive, nor does it justify an affirmance of the judgment when it appears to us that the verdict is plainly against the weight of the evidence considered as a whole. It is apparent that the plaintiff was, to state it mildly, im-. patient over the crossing's being blocked with snow and the refusal of the section man to let him have the shovel he was using to remove it sufficiently to permit him to cross.

After a careful reading of the entire record, I do not think this verdict should be permitted to stand. The statute (3 Comp. Laws 1915, § 12635) imposes the duty on this court to review the discretion exercised by the trial court in refusing to grant a new trial. I am impressed, as apparently was the entire court on the former record, that the plaintiff was mistaken as to when the whistle was blown and that the testimony of the other witnesses relative thereto supports defendant's claim that "the verdict was against the overwhelming weight of the evidence."

The following cases, decided since this statute was enacted in 1893, will be found instructive:    *Hintz* v. *Railroad Co.,* 132 Mich. 305; *In re McIntyre's Estate,* 160 Mich. 117; *Krouse* v. *Railway,* 166 Mich. 147; *Foster* v. *Rinz,* 202 Mich. 601.

While I think the special question should have been submitted to the jury, in view of the explicit charge of the court quoted by Mr. Justice MOORE, I am of the opinion that the refusal to submit it was not such an error as would require a reversal.

The judgment should be reversed and a new trial granted.

CLARK, J., concurred with SHARPE, J.