## GLAVE v MICHIGAN TERMINIX COMPANY

Docket No. 86860. Submitted January 6, 1987, at Grand Rapids. Decided April 21, 1987. Leave to appeal applied for.

The Michigan Terminix Company and Michigan Terminix Pest Control Company, under contract with the City of Battle Creek, sprayed certain buildings in the city with chemical sprays in an effort to deter pigeons from inhabiting the buildings. Peggy Glave filed suit against Michigan Terminix Company, Michigan Terminix Pest Control Company, and the City of Battle Creek in Kalamazoo Circuit Court alleging that the spraying caused the pigeons to flock to her neighborhood and home, thereby causing her to contract histoplasmosis, a fungal infection. Plaintiff alleged intentional nuisance and negligence on the part of the defendants. The court, Donald E. Goodwillie, Jr., J., granted summary disposition in favor of defendants, holding that, because pigeons are ferae naturae and defendants never had control of them, plaintiff had no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err by determining as a matter of law that the pigeons were wild.

2. The trial court erred by improperly basing its decision, in part, on a determination that plaintiff never showed defendants to have control over the pigeons. The error was harmless, however, because plaintiff failed to allege that defendants had dominion over or control or possession of the pigeons and therefore failed to state a claim upon which relief could be granted.

Affirmed.

REFERENCES

Am Jur 2d, Animals §§ 2, 5, 14 *et seq.*; 80 *et seq.*

Am Jur 2d, Pleading § 71 *et seq.*

Am Jur 2d, States, Territories, and Dependencies § 66.

Am Jur 2d, Summary Judgment § 3.

Owner's or keeper's liability for personal injury or death inflicted by wild animal. 21 ALR3d 603.

See also the annotations in the Index to Annotations under Fish and Game; Wildlife.

1. GAME — REGULATION AND CONTROL — PROPERTY INTERESTS.

Wild game belongs to the state and is subject to the state's power of regulation and control; an individual can acquire only the qualified property interest in wild game which the state permits.

2. ANIMALS — DOMINION OVER WILD ANIMALS — PERSONAL INJURIES — LIABILITY.

An individual, by asserting dominion over a wild animal and keeping it, may be held liable for personal injuries caused by the animal's conduct.

3. ANIMALS — WILD PIGEONS — SPRAYING OF CITY BUILDINGS.

The spraying of city buildings to encourage the departure of wild pigeons does not establish dominion over the birds or reduce them to possession; where the birds remain free, the party performing the spraying cannot be held responsible for the subsequent migration of the birds.

4. MOTIONS AND ORDERS — SUMMARY DISPOSITION — COURT RULES.

A trial court must limit to the pleadings alone its consideration of motions for summary disposition for failure to state a claim upon which relief can be granted (MCR 2.116[G][5]).

*Marovich & Stroba* (by *Milton J. Marovich*), for plaintiff.

*Sullivan, Hamilton & Schulz* (by *Mark E. Kreter*), for Michigan Terminix Company and Michigan Terminix Pest Control Company.

*Clyde J. Robinson,* for City of Battle Creek.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

WEAVER, J. Plaintiff Peggy Glave appeals as of right from the order of the Kalamazoo Circuit Court granting summary disposition pursuant to MCR 2.116(C)(8) in favor of all defendants. We affirm.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Plaintiff sought damages for a medical condition she developed subsequent to efforts by the City of Battle Creek, the Michigan Terminix Company, and the Michigan Terminix Pest Control Company, beginning in 1974, to spray certain city buildings so that the pigeons inhabiting them would depart. Plaintiff alleged that this spraying caused the pigeons to flock to her neighborhood and home, thereby directly and proximately causing her to contract histoplasmosis, a fungal infection.

Plaintiff's complaint alleged the intentional tort of nuisance. Plaintiff also alleged that defendants had negligently chased the birds into residential neighborhoods when they should have killed them, trapped them, or left them where they were and that defendants negligently failed to consider the health hazard to area residents, failed to prevent the pigeons from relocating in residential neighborhoods, and failed to remove the pigeons once they were there.

When defendants Michigan Terminix Company and Michigan Terminix Pest Control Company requested summary disposition for failure to state a claim upon which relief could be granted, MCR 2.116(C)(8), plaintiff failed to answer; nor did plaintiff answer when defendant City of Battle Creek filed a similar motion. The circuit court granted summary disposition in favor of all defendants, holding that, because pigeons are ferae naturae (wild things) and the defendants never had control of them, plaintiff had no cause of action. Plaintiff appeals as of right.

On appeal, plaintiff argues that the court erred (1) by determining the pigeons to be ferae naturae and (2) by adjudicating the facts when it granted summary disposition. As to plaintiff's first argument, there appear to be no Michigan cases deal-

ing with the question of whether pigeons are ferae naturae. However, "wild game" belongs to the state and is subject to the state's power of regulation and control, an individual acquiring in such game only the qualified property interest which the state permits. *Aikens v Dep't of Conservation,* 387 Mich 495, 502; 198 NW2d 304 (1972). By asserting dominion over a wild animal and keeping it, an individual may be held liable for personal injuries caused by the animal's conduct. *Marquet v LaDuke,* 96 Mich 596, 599; 55 NW 1006 (1893).[1] This is in consonance with *Koop v United States,* 296 F2d 53 (CA 8, 1961), which declined to concede any property interest in wild animals or birds until human control is exercised by taming or confinement. Even if assumed, control is lost upon relinquishment. *Id.,* pp 59-60.

Here, no one owned the pigeons, and defendants never tamed, confined or otherwise controlled the pigeons. On the contrary, rather than trying to tame or confine them, defendants encouraged their departure. Hence, even assuming that defendants once had control (which was not alleged), such control was lost when defendants sent the birds away. Therefore, the trial court did not err by determining as a matter of law that the pigeons were wild. See *Seaboard Air Line R Co v Richmond-Petersburg Turnpike Authority,* 202 Va 1029; 121 SE2d 499 (1961).

This case is unlike *Andrews v Andrews,* 242 NC 382; 88 SE2d 88 (1955), upon which plaintiff relies. In *Andrews,* the defendant deliberately attracted large numbers of wild geese to a large artificial pond constructed within four hundred feet of

---

[1] As for domestic animals, an owner or custodian possessing knowledge of their vicious propensities is liable for injuries caused by their escape. *Papke v Tribbey,* 68 Mich App 130, 136; 242 NW2d 38 (1976), lv den 399 Mich 834 (1977).

plaintiffs' lands, and over a period of years the pond became a base for the ever-widening and increasingly expensive predations of the geese on plaintiffs' crops. Here, defendants merely encouraged the departure of wild pigeons from city buildings. Defendants never asserted dominion over the birds or reduced them to possession; hence the birds remained free, and the defendants were not responsible for their migrations. *Sickman v United States,* 184 F2d 616, 618 (CA 7, 1950). To hold otherwise would put the imagination to ludicrous shifts.

As for appellant's second argument, it is true that the trial court must limit its consideration of motions for summary disposition to the pleadings alone. *Allinger v Kell,* 102 Mich App 798, 806-807; 302 NW2d 576 (1981), modified on other grounds 411 Mich 1053 (1981). Therefore, the trial court erred by improperly basing its decision, in part, on a determination that plaintiff never showed defendants to have control over the pigeons. However, because the court was correct in determining as a matter of law that pigeons are wild things, defendants could not be liable without exercising dominion, control or possession over the birds. Since plaintiff did not allege such dominion, control or possession, she failed to state a claim upon which relief could be granted, and the error was harmless. *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 313; 290 NW2d 426 (1980), lv den sub nom *Gilbert v Criswell,* 410 Mich 854 (1980).

Affirmed.