*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC LEIENDECKER,

    Plaintiff-Appellant,

v

ASCENSION GENESYS HOSPITAL,

    Defendant/Cross-Plaintiff/Cross-
    Defendant-Appellee,

and

B.K. TEACHOUT INVESTIGATIONS, INC., doing
business as TEACHOUT SECURITY SERVICES,
INC.,

    Defendant/Cross-Defendant/Cross-
    Plaintiff-Appellee.

FOR PUBLICATION
January 13, 2026
10:13 AM

No. 372252
Genesee Circuit Court
LC No. 2023-119302-NZ

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

YOUNG, J.

Plaintiff, Eric Leiendecker, was attacked by a goose while leaving one of Ascension Genesys Hospital's facilities where he worked as a contractor. Plaintiff suffered injuries requiring surgery and sued Ascension and its security vendor, Teachout Security Services (Teachout), for negligence and premises liability. The trial court granted summary disposition for both defendants under MCR 2.116(C)(8) (failure to state a claim on which relief could be granted), relying on the common-law doctrine of *ferae naturae*, that a defendant cannot be liable for the actions of wild animals if it does not exercise dominion, control, or possession over them. We agree that *ferae naturae* precludes relief for plaintiff's negligence claims against defendants, but not plaintiff's premises liability claim against Ascension. Thus, we reverse the dismissal of plaintiff's premises liability claim against Ascension only, and affirm in all other respects.

-1-

## I. FACTUAL AND PROCEDURAL HISTORY

Because the trial court granted summary disposition to defendants under MCR 2.116(C)(8), we are limited to reviewing the facts alleged in plaintiff's second amended complaint.

Plaintiff was attacked and knocked to the ground by a goose while leaving his workplace, an Ascension facility in Grand Blanc. Plaintiff was assisted by one of Teachout's security officers, who drove him to the emergency department. The security officer told him that the goose had been living on the hospital premises for several days or longer and had been an ongoing danger to people walking in the area. At the emergency department, an Ascension employee told plaintiff that she was attacked by a goose a week earlier and she reported the attack to Ascension. When plaintiff's wife arrived at the emergency department at Ascension to visit plaintiff, a Teachout security officer informed her that a goose previously attacked several other people and chased cars in the area. The emergency department ultimately determined plaintiff suffered a fractured right hip from the attack. Plaintiff underwent a total right hip replacement and was unable to work or care for himself independently, and needed additional medical care including physical therapy.

Plaintiff sued Ascension under stated theories of "premises liability and negligence," alleging Ascension knew the goose was dangerous, owed plaintiff a duty to maintain the premises in a safe condition, failed to remove the goose or warn of its presence, and that failure caused plaintiff's injuries. Paragraph 22 of plaintiff's second amended complaint specifically alleged Ascension was "the owner and/or possessor of the property." Plaintiff also sued Teachout under a stated theory of "negligence," alleging that as Ascension's agent, Teachout owed plaintiff the same duties Ascension owed plaintiff, and that Teachout's failure to remove the dangerous goose, warn of its presence, or advise Ascension of the goose caused plaintiff's injuries. Plaintiff did not allege Teachout owned or possessed the subject property.

The parties engaged in some discovery and went to mediation. After mediation failed, Ascension filed a crossclaim against Teachout, alleging Teachout breached its contract because it was required to indemnify Ascension. After filing an answer to the crossclaim, Teachout filed its own crossclaim against Ascension to claim that Ascension had also breached the contract by not indemnifying Teachout. Ascension and Teachout also answered plaintiff's complaint. Ascension asserted affirmative defenses that the goose attack was an act of God and unforeseeable, and that Ascension was not in possession or control of the premises where plaintiff was injured. Teachout did not raise any affirmative defenses.

Teachout moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiff's claims should be dismissed under the doctrine of *ferae naturae* because the goose, a wild animal, was not within the possession or control of Teachout or Ascension, and plaintiff never alleged Teachout had control or possession over the goose. Teachout cited *Glave v Michigan Terminix Co*, 159 Mich App 537; 407 NW2d 36 (1987), for the proposition that a landowner is not liable for the injury caused by a wild animal. Teachout also argued that plaintiff's claims sounded exclusively in premises liability, not negligence. Ascension filed a concurring motion adopting Teachout's legal arguments relating to applying *ferae naturae* and requested the same relief.

Plaintiff responded, arguing Teachout's motion should be denied because even though the goose was a wild animal, defendants knew, or should have known, that the goose was on the property and attacking people. Plaintiff also argued that it pleaded a viable claim against Teachout, whether it sounds in negligence or premises liability.

After hearing oral argument on Teachout's motion for summary disposition, the trial court issued its written opinion and order granting summary disposition under MCR 2.116(C)(8) to defendants and dismissing plaintiff's case in full. Specifically, the trial court held that *Glave* controlled and that:

> before a party may be found liable for actions of a wild animal, it must be shown that the animal was subject to the party's dominion, control, or possession. Thus, because [p]laintiff failed to allege that the goose that attacked him was subject to dominion, control, or possession of either of [d]efendants, dismissal of the claim is proper pursuant to MCR 2.116(C)(8).

The trial court did not consider Teachout's argument regarding whether plaintiff should have pleaded a claim of premises liability against Teachout, instead of negligence. Plaintiff now appeals as of right.

## II. ANALYSIS

On appeal, plaintiff argues the trial court erred by granting summary disposition to defendants. We reverse summary disposition in part as to Ascension, but affirm as to Teachout.

### A. STANDARDS OF REVIEW

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). The trial court must decide the motion on the pleadings alone, *id.*, and it must accept all factual allegations and reasonable inferences or conclusions that can be drawn from the facts as true. *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 670; 760 NW2d 565 (2008). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. This Court reviews de novo whether the pleadings sufficiently stated a claim to survive a motion under MCR 2.116(C)(8). *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

### B. *FERAE NATURAE* DOCTRINE IN NEGLIGENCE ACTIONS

A claim of ordinary negligence "may be brought for the *overt* acts of a premises owner on his or her premises." *Nathan, Trustee of Estate of Charles v David Leader Mgt, Inc*, 342 Mich App 507, 512; 995 NW2d 567 (2022) (cleaned up; emphasis added). And when negligence is alleged as to wild animals, the *ferae naturae* doctrine generally applies to preclude relief, absent evidence defendant(s) "tamed, confined, or otherwise controlled" the wild animal. *Glave*, 159 Mich App at 540.

In *Glave*, the defendants sprayed the roofs on several city-owned buildings in Battle Creek in order to remove pigeons. *Id*. at 539. The plaintiff alleged that the pigeons then flocked to her home, where the pigeons' feces caused the plaintiff to suffer a fungal infection. *Id*. The plaintiff sued the defendants for nuisance and ordinary negligence, but not premises liability. *Id*. This Court in *Glave* held that the pigeons were "*ferae naturae* (wild things)," and explained that individuals do not have any property interest in *ferae naturae* "until human control is exercised by taming or confinement." *Id*. at 540 (italics added).

This Court held as a matter of law that the defendants could not be liable for the plaintiff's injuries without exercising "dominion, control, or possession" over the pigeons. *Id*. at 541. Such control could be shown by, for example, building artificial ponds and placing bait and lures to deliberately attract the birds. *Id*. at 540-541; *Andrews v Andrews*, 242 NC 382; 88 SE2d 88 (1955).[1] The only active steps taken by the defendants in *Glave* were to remove the pigeons from their properties. *Glave*, 159 Mich App at 539. This Court held that the plaintiff in *Glave* failed to state a claim for negligence and dismissed the case under MCR 2.116(C)(8) because the plaintiff did not allege any dominion, control, or possession by the defendants over the pigeons. *Id*. at 541.

The trial court correctly applied *Glave* to the defendants here to preclude any negligence claims as a matter of law. Plaintiff did not allege Ascension or Teachout had dominion, control, or possession over the goose that attacked plaintiff. Rather, plaintiff alleged that Ascension[2] was the "owner and/or possessor of the *property*" where plaintiff was injured by the goose. That is a claim sounding in premises liability, which we explain below.

---

[1] *Andrews* also involved geese, but *Andrews* was a nuisance claim in which the owner was held liable for the geese's actions on his neighbor's land because the owner intentionally attracted and then refused to abate the geese. *Andrews*, 242 NC at 387-388.

[2] "Premises liability is conditioned on the presence of *both* possession and control over the land," *Scola v JP Morgan Chase Bank, Nat'l Assoc*, 506 Mich 924 (2020) (emphasis added), and plaintiff's second amended complaint failed to allege that Teachout had possession and control over Ascension's premises. Thus, to the extent plaintiff's claim against Teachout can be interpreted as a premises liability claim, it is legally insufficient.

Instead, plaintiff argues that Teachout can be held liable as the agent of Ascension, reasoning "a contractor to whom a task is delegated by a property owner may be liable even if it does not own the subject property." But in his second amended complaint, plaintiff makes no allegations as to what duties were actually delegated to Teachout as Ascension's contractor and even if plaintiff had, the contractual obligations between parties do not create a separate and distinct duty owed to plaintiff. *Loweke v Ann Arbor Ceiling & Partition LLC*, 489 Mich 157, 159-160; 809 NW2d 553 (2011). Thus, plaintiff's claim against Teachout was properly dismissed under MCR 2.116(C)(8).

## C. PLAINTIFF'S PREMISES LIABILITY CLAIM AGAINST ASCENSION SURVIVES
MCR 2.116(C)(8)

Plaintiff alleges that he was an invitee on Ascension's property, that the goose was a dangerous condition on the land, and that Ascension failed to warn plaintiff of the goose or to take steps to remove the goose from Ascension's property. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence." *Nathan*, 342 Mich App at 512 (cleaned up). And while premises liability is a form of negligence, this Court distinguished the two claims such that an animal can be considered a dangerous condition on the land for purposes of a premises-liability claim. *Tripp v Baker*, 346 Mich App 257, 266-268; 12 NW3d 45 (2023).

In *Tripp*, the defendant left her dog alone in her backyard. When the plaintiff, who was standing in the neighboring yard, placed his hand on top of the fence separating him from the dog, the dog bit the plaintiff's hand, which "required significant medical care." *Id*. at 261. Relying on the Second Restatement of Torts, which defines a "condition on the land" as an artificial or natural "risk . . . [a visitor] encounter[s]" when they enter on to another's land, 2 Restatement Torts, 2d, § 342, comment e, this Court held "a dog could certainly be considered a condition on the land for purposes of premises liability because it poses an artificial risk to a visitor when they enter onto another's land." *Tripp*, 346 Mich App at 266-267.

This Court explained that a premises liability claim involving a dog "requires a showing that: (a) the dog is a condition on the land and (b) the defendant had knowledge of the dog's dangerous tendencies." *Tripp*, 349 Mich App at 268-269.[3] We recognize the factual distinction between this case and *Tripp* in that dogs are domesticated (generally) and controllable (generally) in ways that the goose that attacked plaintiff is not. But the *Tripp* decision did not rely on the domesticated nature of the dog, implicitly or explicitly, to determine whether it was "of the land." And conditions of the land can be natural or artificial and a goose, like a dog, can pose an "artificial risk" to invitees. *Tripp*, 346 Mich App at 267. While geese can fly and dogs cannot, the permanence, or lack thereof, of a dangerous condition does not determine liability of the property owner. 2 Restatement Torts, 2d, §342, comment g. Thus, plaintiff states a cognizable premises liability claim *if* plaintiff pleaded the goose is a dangerous condition of the land about which the landowner knew or should have known. Plaintiff's second amended complaint sufficiently does that.[4]

First, plaintiff's complaint refers to the goose as a "dangerous condition" on Ascension's land. Plaintiff also alleges the goose had been living on the land for at least several days and was nesting. Second, plaintiff alleges that defendant Ascension knew of the danger the goose posed,

---

[3] *Tripp* relied on *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001) and applied the open and obvious doctrine after determining that a dog can be a dangerous condition on the land. The open and obvious doctrine was overturned by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 133; 1 NW3d 44 (2023), but *Kandil-Elsayed* did not otherwise disturb the elements of a premises liability claim.

[4] In so concluding, we are not expanding our common law, we are applying it.

because of prior reported attacks, and failed to appropriately respond. Thus, plaintiff's pleading is legally sufficient to survive a motion brought under MCR 2.116(C)(8) as to Ascension only.

## III. CONCLUSION

A goose is a wild animal and plaintiff's negligence claims against defendants were properly dismissed under MCR 2.116(C)(8) citing *Glave*. But because plaintiff alleged that the goose was a condition of the land whose dangerousness was known to Ascension, and Ascension failed to warn plaintiff about the dangerous goose, he has raised a legally sufficient premises liability claim against Ascension. Therefore, we affirm the trial court's order dismissing the negligence claims against Teachout and Ascension, reverse as to Ascension on the premises liability claim, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Adrienne N. Young