*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC LEIENDECKER,

    Plaintiff-Appellant,

v

ASCENSION GENESYS HOSPITAL,

    Defendant/Cross-Plaintiff/Cross-Defendant-Appellee,

and

B.K. TEACHOUT INVESTIGATIONS, INC., doing business as TEACHOUT SECURITY SERVICES, INC.,

    Defendant/Cross-Defendant/Cross-Plaintiff-Appellee.

FOR PUBLICATION
January 13, 2026
10:13 AM

No. 372252
Genesee Circuit Court
LC No. 2023-119302-NZ

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

YATES, P.J. (*concurring*).

As Michiganders know, geese can be foul-mannered, like wild or domesticated animals of all sorts. And when animals attack, victims are not concerned about whether the attackers are wild or domesticated. But under common law, the doctrine of *ferae naturae* just applies to wild animals, and a goose is a wild animal, so the trial court invoked that doctrine to absolve the property owner, Ascension Genesys Hospital (Ascension), of liability by awarding it summary disposition pursuant to MCR 2.116(C)(8) of plaintiff's claim of premises liability. In doing so, the trial court decided that a property owner can never be responsible on a premises-liability theory for the injuries caused by a wild animal, even when the owner invites a contractor onto property where a wild animal has persistently caused injuries to those who dare to set foot on the land. I do not believe that Michigan premises-liability law allows for such a sweeping exemption from liability when the owner knows of the danger, but chooses to do nothing to warn or protect invitees who may suffer injuries at the

-1-

hands (or claws or beaks) of wild animals, so I join the majority ruling that the trial court erred by granting summary disposition under the standards applicable to analysis under MCR 2.116(C)(8).

Our Supreme Court has often stated that "[a] motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare,* Inc, 504 Mich 152, 160; 934 NW2d 665 (2019). In so holding, our Supreme Court has sharply distinguished threshold relief under MCR 2.116(C)(8) from post-discovery relief under MCR 2.116(C)(10). *Id*. at 162. Denial of relief pursuant to MCR 2.116(C)(8) simply affords the plaintiff an opportunity to develop evidence in support of a claim, whereas denial of relief under MCR 2.116(C)(10) invites the plaintiff to feather the nest by seeking damages at trial.

As both the majority and the dissent recognize, the challenge in this case is to decide how— if at all—the doctrine of *ferae naturae* applies to a premises-liability claim. The dissent concludes that "the majority misapplies *Tripp v Baker*, 346 Mich App 257, 266-268; 12 NW3d 45 (2023), a *domitae naturae* case, to this *ferae naturae* case." I acknowledge that the goose in this case, unlike the dog in *Tripp*, should be characterized as a wild animal subject to the doctrine of *ferae naturae*. See *Glave v Mich Terminix Co*, 159 Mich App 537, 540; 407 NW2d 36 (1987) (asserting that "the trial court did not err by determining as a matter of law that the pigeons were wild"). But I do not find that that characterization of the goose in this case is fatal to plaintiff's premises-liability claim at this early stage of the proceedings.

Premises-liability law may include an exception to the preclusive effect of the doctrine of *ferae naturae* "when a landowner has actual knowledge of an unreasonable risk of harm presented by a wild animal on his property (even while outside) and the patron neither knows nor reasonably should know of this risk." *Hillis v McCall*, 602 SW3d 436, 442 n 10 (Texas Sup Ct, 2020) (case in which the plaintiff was bitten by a brown recluse spider).[1] To be sure, if the injured invitee and the property possessor had essentially the same knowledge of the danger of a wild animal on the premises, then summary disposition for the property possessor is appropriate. See, e.g., *Landings Ass'n, Inc v Williams*, 291 Ga 397, 399; 728 SE2d 577 (Ga Sup Ct, 2012) (case involving a fatal attack by an alligator). But when the property possessor knows about the risk of a wild animal and the invitee lacks such knowledge, the property possessor has a duty to warn or protect the invitee.[2] In the second amended complaint, plaintiff alleges that Ascension knew about "the presence of the dangerous goose that had been viciously attacking passersby for several days prior to the subject incident, but failed to take measures to remove the goose and/or warn of its presence and threat of

---

[1] Although this Court is not bound by decisions from "courts of other states, we may consider them persuasive." *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 496 n 2; 892 NW2d 467 (2016). In the cited case, the Supreme Court of Texas described, but neither embraced nor rejected, the exception to the doctrine of *ferae naturae*. See *Hillis*, 602 SW3d at 442 n 10.

[2] This approach is consistent with what I learned about risk allocation at the Gies (pronounced, of course, geese) School of Business at the University of Illinois. Indeed, under economic analysis, assigning legal responsibility to the party best positioned to prevent the harm makes good sense.

attack." Those allegations in the complaint are sufficient to survive summary disposition analysis under MCR 2.116(C)(8).

I understand that some readers may find nothing inherently or actually dangerous about a goose, as opposed to a wild animal such as a wolf or a bear. But the distinction between the danger presented by the goose in this case and a wolf or a bear is one of degree, not kind. The goose here was sufficiently menacing to cause plaintiff to suffer a serious hip injury. Whether the goose was not dangerous enough to pose a threat to plaintiff, or whether plaintiff knew or should have known about the goose, must be developed during the discovery process. When discovery is completed, Ascension may move for summary disposition under MCR 2.116(C)(10), and plaintiff's claim of premises liability may prove unsustainable as a matter of fact. But at this early stage, accepting as true the allegations in plaintiff's second amended complaint, I find no basis for awarding summary disposition under MCR 2.116(C)(8), so I join the majority opinion denying such relief under MCR 2.116(C)(8) to Ascension.

/s/ Christopher P. Yates