[Civ. No. 175. Second Appellate District.—February 6, 1906.]

B. S. LAUDER, Respondent, v. A. T. CURRIER, Appellant.

NEGLIGENCE—PLEADING—RESULTING INJURIES—EVIDENCE.—In an action to recover damages for personal injuries caused to the plaintiff through the negligence of the defendant, it is not necessary to allege specifically the nature of the disease or other hurts received by the plaintiff; and under a complaint alleging, among other effects of the plaintiff's injury, that he was "thereby made sick," evidence that he contracted pleurisy, which developed into pneumonia, is admissible.

ID.—FALL OF ELEVATOR—PRESUMPTION OF NEGLIGENCE—QUESTION FOR JURY.—In such a case, it is a question for the jury whether the presumption of negligence arising from the fall of a passenger elevator was overcome by the testimony of witnesses to the effect that the elevator and the machinery by which it was operated were of the best kind in use, and as to the satisfactory character of its operation.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, George H. Moore, Herbert Cutler Brown, and Frederick B. Braden, for Appellant.

G. P. Adams and W. B. Mathews, for Respondent.

SMITH, J.—The suit was brought to recover damages for injuries to the plaintiff caused by the fall of the defendant's

elevator. The plaintiff had judgment, from which the defendant appeals.

The points urged by the appellant are: (1) That the evidence was insufficient to justify the verdict as to damages; (2) and, also, in that the proof showed that the injury was the result of inevitable accident, and not of defendant's negligence. Appellant complains also of certain errors in the rulings of the court relating to the two points above specified, which may be conveniently considered in connection with them.

With regard to the first point, the objection, more specifically stated, is: That evidence was admitted of the plaintiff's suffering from an attack of pleurisy immediately following the accident and of pneumonia subsequently developed, which, it is claimed, ought to have been specially pleaded, but were not; and that the recovery should have been limited to the damages otherwise resulting. But the evidence shows that the pleurisy was the direct and immediate effect of the hurt suffered by the plaintiff, or, as otherwise expressed by the medical witness, that it was a traumatic pleurisy, i. e., a pleurisy caused by the hurt; and that the pleurisy, when it became worse, "developed a very severe pneumonia with it." In fact, the complaint alleges, among other effects of the plaintiff's injury, that he was "thereby made sick," etc., which would seem sufficient to meet the appellant's objection. But without this, we think it was unnecessary to allege specifically the nature of the diseases or other hurts received by the plaintiff. This is obviously true with reference to the pleurisy, which was the direct and immediate effect of the hurt as a cause. Nor do we doubt that proof of pneumonia, which was also apparently the effect of the same cause without other cause intervening, was equally admissible.

As to the second point, it appears from the evidence that the defendant's elevator and the machinery by which it was operated were of the best kind in use, and witnesses testified as to the satisfactory character of its operation; and it is claimed that there was no evidence to the contrary other than the presumption arising from the happening of the accident, and, hence, that the accident was inevitable. But this was a question for the jury. Nor can we say, as a matter of law,

that the evidence was sufficient to overcome the presumption to the contrary. (Code Civ. Proc., sec. 2061, subd. 2.)

The rulings of the court complained of, having regard to the grounds upon which they were made, are not open to objection; and, indeed, the defendant, as he claims in his argument, was permitted to prove the satisfactory character and operation of the elevator and machinery.

The judgment appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1906.