[Civ. No. 3107. First Appellate District, Division One.—December 4, 1919.]

LIZZIE P. KUHNS et al., Respondents, v. TULLY MARSHALL, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—SUBSEQUENT DEVELOPMENT OF BLADDER TROUBLE—ACTION FOR DAMAGES—PLEADING—EVIDENCE.— In an action for damages for personal injuries alleged to have been caused by the negligence of the defendant in the operation of his automobile whereby he came into collision with the plaintiff, where the complaint, after setting forth a certain specific injury, alleged that by reason of the accident the plaintiff was made sick, sore, and lame, and that she was physically impaired, and had also received and was suffering from a serious nervous shock, evidence that a few weeks after the accident the plaintiff developed serious bladder trouble was admissible.

[2] ID.—PHYSICAL INJURIES SUSTAINED—PROXIMATE RESULT OF ACCIDENT—PLEADING.—A plaintiff is not required to allege specifically each physical injury sustained or which may have resulted from the accident. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury.

[3] ID.—NERVOUSNESS AS ELEMENT OF DAMAGE—TESTIMONY OF PLAIN-
TIFF ADMISSIBLE.—Nervousness, when the reasonable outcome of
physical injuries, is always an element of damage, and in an action
for damages for personal injuries alleged to have been caused
by the negligence of the defendant, the plaintiff's testimony as
to the extent and nature of her nervousness is admissible.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Herbert D. Gale, D. L. Cobb and C. J. Milliron for Re-
spondents.

KERRIGAN, J.—This is an appeal by defendant from a
judgment by which the plaintiffs recovered damages for per-
sonal injuries suffered by Lizzie P. Kuhns.

The action was brought by Lizzie P. Kuhns and Frank C.
Kuhns, her husband, for personal injuries suffered by the
former and alleged to have been caused by the negligence of
the defendant in the operation of his automobile, whereby,
it is averred, he came into collision with said Lizzie P.
Kuhns.

The accident happened near the intersection of Second
and Spring Streets, in the city of Los Angeles, in the evening
after dark and at a time when traffic was congested. On
that evening the said plaintiff, holding an umbrella above
her, undertook to cross Spring Street from the northeast cor-
ner of said intersection. She proceeded westerly, using the
crosswalk, until more than halfway across, when the defend-
ant, driving an automobile northward on the east side of
Spring Street, and having passed the center of Second Street,
turned west, describing a semi-circle in doing so, and came
up behind and collided with said plaintiff, who was struck
by the right-hand front part of the automobile on the pos-
terior of the left thigh, being thereby thrown and caused
certain serious injuries.

---

3. Necessity and competency of evidence of mental suffering in
action for damages, notes, 2 Ann. Cas. 55; Ann. Cas. 1912B, 538.

There is evidence that upon stepping from the sidewalk said plaintiff looked to her left in a southerly direction for approaching vehicles, and that when about the center of the street she looked north to her right, these being the respective directions from which traffic should properly approach. She was accompanied by her husband, who, from the moment of leaving the sidewalk, kept a lookout in both directions. They saw no vehicles in close proximity to them, but upon reaching the point already described the defendant's car, being driven at a speed of from six to eight miles an hour, and its approach being unannounced by any warning signal, came into collision with said plaintiff as already narrated. One of the witnesses described the occurrence as follows: "I looked straight out in the street. Mr. Marshall was coming down Spring Street this way and he was going to make this turn—whether he was going up Second Street or south on Spring Street I don't know. Mr. Kuhns and his wife were coming here, and as he was making the turn and got in the middle of the track he ran directly right into them and knocked them down, and he goes clear over here in front of the drug-store of the Hollenbeck Hotel before he stops. I was looking just as I am looking at you, right out into the street, and I noticed him coming up and I noticed Mr. and Mrs. Kuhns coming across the street. Before he hit them I noticed that he was going to run into them, and I hollered. Of course he ran into them, and I thought he was going to run away. . . . "

These are the facts of the case as testified to by the plaintiff and her husband and a disinterested witness. In some essential respects this testimony is contradicted by the defendant through his own testimony, which, however, was unsupported by other witnesses. In view of this condition of the record it is clear that it cannot be successfully maintained that the evidence fails to support the verdict of the jury.

[1] Over the objection of the defendant, the court admitted evidence that a few weeks after the accident the said plaintiff developed serious bladder trouble. Defendant's contention is that this evidence was inadmissible under the allegations of the complaint. The complaint, after setting forth a certain specific injury, alleged that by reason of the accident the plaintiff Lizzie P. Kuhns was made sick, sore,

and lame, that she was physically impaired and had also received and was suffering from a serious nervous shock. The attending physician, referring to the bladder trouble, testified that in his opinion this condition of the bladder was attributable to the blow which the plaintiff received and to the consequent nervous shock.

We think the testimony was admissible under the allegations of the complaint. [2] A plaintiff is not required to allege specifically each physical injury sustained or which may have resulted from the accident. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury. (*Samuels* v. *California St. Ry. Co.,* 124 Cal. 296, [56 Pac. 1115]; *Lauder* v. *Currier,* 3 Cal. App. 28, [84 Pac. 217]; *Treadwell* v. *Whittier,* 80 Cal. 574, [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Worden* v. *Central Fireproof Bldg. Co.,* 172 Cal. 94, [155 Pac. 839].)

[3] Appellant next contends that the court erred in admitting over his objection evidence by the plaintiff describing her condition as to nervousness since the accident. It appears that she had without objection testified that since the collision she was extremely nervous, and then, over objection, proceeded to describe how noise affected her, saying: "The noise in the street affects me very much, but especially the noise of a bell on an automobile or police ambulance, sends a nervous chill from the base of the spine to the base of the brain." Nervousness, when the reasonable outcome of physical injuries, is always an element of damage, and obviously evidence relating thereto may properly be submitted to the jury (*Easton* v. *United Trade School Con. Co.,* 173 Cal. 199, 203, [L. R. A. 1917A, 394, 159 Pac. 597]). The plaintiff's testimony as to the extent and nature of her nervousness was plainly admissible.

Finally, the appellant asserts that the court erred in refusing to give to the jury certain instructions offered by him. We have carefully examined these instructions, together with those given by the court, and we find no ground for the appellant's criticism. The instructions given fully and fairly cover every phase of the case presented by the pleadings, particularly as to the reciprocal rights and duties of drivers of vehicles and pedestrians using a public street, and

they certainly do not emphasize any feature of the case against the defendant.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.