[Civ. No. 10354. First Appellate District, Division One.—July 13, 1937.]

JOHN HENRY HELMS, Jr., a Minor, etc., Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

712

Thomas J. Straub, W. H. Spaulding and Clinton F. Stanley for Appellant.

Charles V. Barfield and Emery F. Mitchell for Respondent.

THE COURT.—An appeal from a judgment entered upon a verdict in an action to recover damages alleged to have been caused by the negligence of the defendant.

The plaintiff, while standing on a sidewalk at the corner of Masonic Avenue and Fell Street in San Francisco, was injured by the fall of a portion of the glass globe of an electrolier which had been erected at that point. It was stipulated at the trial that the electrolier was owned and maintained by the defendant. The plaintiff, to prove his case, relied upon the rule of *res ipsa loquitur*. The defendant moved for a nonsuit, a directed verdict and judgment notwithstanding the verdict, which motions were denied; and it is claimed as grounds for the appeal that the trial court's rulings in these respects as well as certain instructions to the jury were erroneous.

The defendant adduced evidence that the globes were inspected and cleaned twice a year, and that the one in question was inspected about five months previous to the time of its fall and found to be in good condition; further, that damage to these instrumentalities is often caused by the carelessness or malicious acts of children and others or by vehicles coming in contact with the poles supporting the globes. It contends that, although it owned and maintained the electrolier, there was no evidence that the defect, if any, in the globe, or the injury, was due to a want of ordinary care on its part, such as a lack of inspection or otherwise; and also that there was no evidence reasonably supporting any conclusion other than that the defect was caused by the acts of persons over which the defendant had no control. In the latter connection it is urged that the electrolier being situated on a public street and exposed to such acts, it follows that the *res ipsa loquitur* doctrine has no application.

The case of *Van Horn* v. *Pacific Ref. Co.*, 27 Cal. App. 105 [148 Pac. 951], presented an analogous situation, and the same contention was made. As here, the instrumentality in question was installed and maintained by the defendant. The court said that the rule declared, to the effect that the exclusive management and control of the appliance causing the injury must be shown to have been in the defendant, must be taken to refer to the right to such control; otherwise the doctrine would seldom, if ever, be given application; and this is not affected by the possibility that other persons, in no way entitled to do so, had tampered with the appliance, there being no evidence of the fact. That the injury may have been caused by some other agency, or that the cause is unknown, or that different inferences may

be drawn from the testimony, does not change the rule (*O'Connor* v. *Mennie,* 169 Cal. 217 [146 Pac. 674]; *Michener* v. *Hutton,* 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]; *Meyer* v. *Tobin,* 214 Cal. 135 [4 Pac. (2d) 542]; *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877]; *Ireland* v. *Marsden,* 108 Cal. App. 632 [291 Pac. 912]; *Lejeune* v. *General Petroleum Co.,* 128 Cal. App. 404 [18 Pac. (2d) 429]); ▇ and the question whether the *prima facie* case thus created has been met by the defendant is one for the jury (*Lauder* v. *Currier,* 3 Cal. App. 28 [84 Pac. 217]; *Karsey* v. *San Francisco,* 130 Cal. App. 655 [20 Pac. (2d) 751]), particularly where its determination rests upon the credibility of witnesses and the weight to be given their testimony. (*Meyer* v. *Tobin, supra.*)

The defendant relies on certain cases wherein the opinions seem to support its contention. Nevertheless, we believe that the above decisions establish the law in this jurisdiction.

▇ Where there is evidence justifying an inference that the danger ought to have been known by the defendant, the question whether ordinary care was taken in the matter of inspection is also one for the jury. (*O'Connor* v. *Mennie, supra*; *Fogarty* v. *Southern Pac. Co.,* 151 Cal. 785 [91 Pac. 650].) Testimony that the globe was in good condition at the time it was inspected some months previously is not conclusive as to its condition at the time of the accident. (*Haag* v. *Harris,* 4 Cal. (2d) 108 [48 Pac. (2d) 1].)

We are satisfied that these questions were properly submitted to the jury; and an examination of the instructions complained of does not disclose prejudicial error. The evidence fairly supports the verdict, and the judgment is accordingly affirmed.

A petition by appellant to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.