[Civ. No. 13573. First Dist., Div. One. Jan. 12, 1948.]

BEULAH LARSON, Appellant, v. ST. FRANCIS HOTEL et al., Respondents.

Harry G. Henderson for Appellant.

Hoge, Pelton & Gunther and Leo V. Killion for Respondents.

BRAY, J.—The accident out of which this action arose was apparently the result of the effervescence and ebullition of San Franciscans in their exuberance of joy on V-J Day, August 14, 1945. Plaintiff (who is not included in the above description), while walking on the sidewalk on Post Street adjoining the St. Francis Hotel, just after stepping out from under the marquee, was struck on the head by a heavy, overstuffed armchair, knocked unconscious, and received injuries for which she is asking damages from the owners of the hotel. Although there were a number of persons in the immediate vicinity, no one appears to have seen from whence the chair came nor to have seen it before it was within a few feet of plaintiff's head, nor was there any identification of the chair as belonging to the hotel. However, it is a reasonable inference that the chair came from some portion of the hotel. ██ For the purposes of this opinion, we will so assume, in view of the rule on nonsuit cases that every favorable

inference fairly deducible from the evidence must be drawn in favor of plaintiff, and that all the evidence must be construed most strongly against the defendants. (9 Cal. Jur. p. 551.)

At the trial, plaintiff, after proving the foregoing facts and the extent of her injuries, rested, relying upon the doctrine of res ipsa loquitur. On motion of defendant the court granted a nonsuit. The main question to be determined is whether under the circumstances shown, the doctrine applies. The trial court correctly held that it did not.

In *Gerhart* v. *Southern Cal. Gas Co.*, 56 Cal.App.2d 425 [132 P.2d 874], cited by plaintiff, the court sets forth the test for the applicability of the doctrine. ". . . for a plaintiff to make out a case entitling him to the benefit of the doctrine, *he must prove* (1) that there was an accident; (2) that the thing or instrumentality which caused the accident was at the time and prior thereto under the *exclusive* control and management of the defendant; (3) *that the accident was such that in the ordinary course of events, the defendant using ordinary care, the accident would not have happened.* . . . The doctrine of res ipsa loquitur applies only where the cause of the injury is shown to be under the exclusive control and management of the defendant and can have no application . . . to a case having a divided responsibility where an unexplained accident may have been attributable to one of several causes, for some of which the defendant is not responsible, and when it appears that the injury was caused by one of two causes for one of which defendant is responsible but not for the other, plaintiff must fail, if the evidence does not show that the injury was the result of the former cause, or leaves it as probable that it was caused by one or the other." (Emphasis added.)

Applying the rule to the facts of this case, it is obvious that the doctrine does not apply. While, as pointed out by plaintiff, the rule of exclusive control "is not limited to the actual physical control but applies to the right of control of the instrumentality which causes the injury" it is not clear to us how this helps plaintiff's case. A hotel does not have exclusive control, either actual or potential, of its furniture. Guests have, at least, partial control. Moreover, it cannot be said that with the hotel using ordinary care "the accident was such that in the ordinary course of events . . . would not have happened." On the contrary, the mishap would quite as likely be due to the fault of a guest or other person

as to that of defendants. The most logical inference from the circumstances shown is that the chair was thrown by some such person from a window. It thus appears that this occurrence is not such as ordinarily does not happen without the negligence of the party charged, but, rather, one in which the accident ordinarily might happen despite the fact that the defendants used reasonable care and were totally free from negligence. To keep guests and visitors from throwing furniture out windows would require a guard to be placed in every room in the hotel, and no one would contend that there is any rule of law requiring a hotel to do that.

The cases cited by plaintiff as authority for the application of the doctrine of res ipsa loquitur are easily distinguishable from this case. In *Gerhart* v. *Southern Cal. Gas Co., supra,* which involved an explosion from leaking gas, the court found (p. 427) that defendant was in the exclusive ownership, control and management of the supply, flow and existence of the gas which exploded. In *Helms* v. *Pacific Gas & Electric Co.,* 21 Cal.App.2d 711 [70 P.2d 247], a glass portion of an electrolier fell and injured the plaintiff, who was standing on the sidewalk beneath it. The parties stipulated that the electrolier was owned and maintained by the defendant. There, not only was the instrumentality which caused the accident in the *exclusive* control and management of the defendant, but the falling of the glass portion was something that in the ordinary course of events would not occur if the defendant used ordinary care in maintaining it.

In *Michener* v. *Hutton,* 203 Cal. 604 [265 P. 238, 59 A.L.R. 480], the length of pipe which fell and caused the injury was "unquestionably under the management of the appellants at the time of the accident." (P. 609.) While the court holds that (p. 608) "The doctrine has also found frequent application in actions for damages for injuries incurred by reason of being struck by falling objects," it is limited to situations in which the thing is shown to be under the exclusive management or control of the defendant or his servants, or in which it must necessarily follow that the injury would not have occurred had the defendant used ordinary care.

In *Mintzer* v. *Wilson,* 21 Cal.App.2d 85 [68 P.2d 370], a paid guest in defendant's hotel was injured while in bed by the falling of a huge piece of plaster from the ceiling. It was held by the court that the ceiling was in the exclusive

control of the hotel, and that plaster does not ordinarily fall from properly constructed ceilings.

*Hubbert* v. *Aztec Brewing Co.*, 26 Cal.App.2d 664 [80 P.2d 185, 1016], holds (p. 688): "The mere fact that an accident has occurred does not of itself result in any inference of negligence as against a defendant. . . . To justify the invocation of the rule res ipsa loquitur the instrumentality which caused the injury must have been under the exclusive management of the defendant" and quotes from *Biddlecomb* v. *Haydon*, 4 Cal.App.2d 361, 364 [40 P.2d 873], as follows: "Neither does it apply where the cause of the accident is unexplained and might have been due to one of several causes for some of which the defendant is not responsible." See, also, *Hilson* v. *Pacific G. & E. Co.*, 131 Cal.App. 427, 434 [21 P.2d 662], which held that in a situation as last above quoted, the doctrine "can in no event apply."

■ Plaintiff quotes 9 California Jurisprudence, page 548 to the effect "that a motion for a nonsuit must point the attention of the court and counsel to the precise grounds upon which it is made" and contends that the motion for nonsuit in the trial court did not do this. The motion was made on the ground that "there is no evidence from which it might be inferred that the hotel was guilty of any negligence which caused the chair" to hit plaintiff. It further points out that the only evidence attempting to connect the hotel with the accident is the fact that it occurred in the proximity of the hotel, and that such proof is not sufficient to establish liability. The motion was sufficient.

■ In her complaint plaintiff alleged in paragraph III that the defendant was engaged in the hotel business on all the premises described therein and had the right of control and management thereof. In its answer defendants denied all of the allegations of paragraph III and then stated: "Further answering paragraph III, these defendants admit that they operated the St. Francis Hotel at said time as co-partners." Plaintiff contends that in some way this is an admission that defendants had exclusive control and management of the furniture of the hotel so as to warrant the application of the doctrine of res ipsa loquitur. It is obvious that such contention is without merit.

The judgment appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.