ETHEL HOLLY, PLAINTIFF-RESPONDENT, v. MEYERS HOTEL AND TAVERN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued April 28, 1952—Decided May 26, 1952.

Mr. *Andrew Lawrie* argued the cause for the appellant.

Mr. *John A. Laird* argued the cause for the respondent (*Mr. Nathan Cholodenko*, attorney).

The opinion of the court was delivered by

JACOBS, J.  The plaintiff Ethel Holly was injured by a Coca-Cola bottle thrown by a guest from a third-floor window of the hotel operated by the defendant Meyers Hotel and Tavern, Inc.  She instituted her action against the defendant charging negligence and at the close of her case the trial court granted a motion of dismissal.  On appeal the judgment was reversed by the Appellate Division (*Holly v. Meyers Hotel and Tavern, Inc.,* 15 *N. J. Super.* 381 (1951)) and this court granted certification pursuant to application under *Rule* 1:5–2.

Early in the evening of March 31, 1949, five Canadian sailors checked into the defendant hotel and occupied a suite of rooms which had been reserved for them by their captain.  Shortly after 9 P. M. they asked the hotel clerk for a bottle of rum which was not supplied.  At about 10:45 P. M. a guest occupying an adjacent room telephoned the clerk to complain that the sailors were noisy.  The clerk telephoned the sailors and they assured him they would be quiet.  About 20 minutes later there was another call to the clerk who was advised that the noise had not subsided and that the sailors were throwing around something which sounded like a shoe.

Thereupon the clerk went to the sailors' suite. His testimony as a witness called by the plaintiff was that he told them they would either be quiet or be ejected and that they were very nice about it and said they would be quiet. The clerk returned to his desk on the ground floor and nothing significant happened, as far as he knew, until two hours later when the plaintiff, while walking on the sidewalk alongside the hotel, was struck by a Coca-Cola bottle thrown out a window in the sailors' suite. The police were summoned, observed that the suite was in some disorder, and arrested the sailors. A chambermaid who observed the suite during the following morning likewise testified that the furnture was disarranged, there was broken glass on the floor, and in one of the rooms there was a hole in the wall in the shape of a bottle.

The trial court in granting the motion for dismissal assumed that the defendant owed to the plaintiff a duty of care but expressed the view that "Taking the most favorable view of the evidence, it seems to me that the defendant was not put on any notice which would require it to take any further or any more drastic action than it did. The clerk warned the people in the room and they promised quiescence, and the defendant heard nothing further about it until after the accident." The Appellate Division expressly held that the defendant owed to the plaintiff a duty of care and concluded that the factual issue as to whether the clerk acted with reasonable prudence was one for the jury's determination. See *Holly v. Meyers Hotel and Tavern, Inc., supra,* at *p.* 392.

██ We accept the general doctrine that if the defendant hotel knew, or had reason to know, of the danger of injury to passers-by from the acts of its transient guests within the hotel, then it was under the duty to take reasonable steps to avoid such injury. See *Wolk v. Pittsburgh Hotels Co.,* 284 *Pa.* 545, 131 *A.* 537, 42 *A. L. R.* 1081 (*Sup. Ct.* 1925); *Gore v. Whitmore Hotel Co.,* 229 *Mo. App.* 910, 83 *S. W. 2d* 114 (*Ct. App.* 1935); *Bruner v. Seelbach Hotel Co.,* 133

*Ky.* 41, 117 *S. W.* 373, 376 (*Ct. App.* 1909); 43 *C. J. S.,* p. 1176 (1945); 28 *Am. Jur.,* p. 636 (1940). This doctrine furnishes a fair measure of protection to innocent members of the public passing by the hotel while giving proper recognition to the fact that the hotel is not an insurer of the acts of its guests (*cf. Ball v. Atlantic City Ambassador Hotel Corp.;* 137 *N. J. L.* 744, 746 (*E. & A.* 1948)) and may exercise only limited control or supervision over their conduct. *Cf. Wolk v. Pittsburgh Hotels Co., supra;* 28 *Am. Jur.,* p. 571 (1940).

When the clerk received the first telephone call at 10:45 complaining that the sailors were noisy he had no reason to anticipate injury; his telephone call during which the sailors assured him they would be quiet was normally prudent conduct and no further action on his part was then called for. When he received a further call about 20 minutes later he knew that the noise had continued and that the sailors were throwing around something which sounded like a shoe. At that point he might perhaps have anticipated injury. See *Mitchell v. Friedman,* 11 *N. J. Super.* 344, 348 (*App. Div.* 1951). *Cf.* 63 *Harv. L. Rev.* 671 (1950). In any event, he again pursued normally prudent conduct by visiting the sailors' suite and telling them that they would either be quiet or be ejected. In his language "they were very nice about it and they said they would be quiet." He thereupon returned to his desk on the ground floor and we are satisfied that he was not called upon to do anything further at that time. Indeed, the further step suggested would have been to have had them ejected by police officials or otherwise; such drastic action was not then warranted and that much was conceded during the argument on appeal. The clerk remained at his desk and for two hours thereafter received no further complaints and heard nothing further about the sailors until after the injury. We consider that there was no occasion for any affirmative action on his part during this two-hour period and that under the admitted circumstances no inference of fault or neglect may reason-

ably be drawn from his inaction. It seems to us that the contrary view would tend to ignore the real relation between the hotel and its transient guests and the limited extent of control or supervision which may properly be exercised by the former over the latter. *Cf. Wolk v. Pittsburgh Hotels Co., supra; Kapphahn v. Martin Hotel Co.*, 230 *Iowa* 739, 298 *N. W.* 901 (*Sup. Ct.* 1941); *Larson v. St. Francis Hotel*, 83 *Cal. App. 2d* 210, 188 *P. 2d* 513 (*Dist. Ct. App.* 1948).

We have concluded that, accepting the evidence in its light most favorable to the plaintiff, no reasonable inference may be drawn that the defendant was negligent, and the trial court properly declined to submit the issue to the jury. Accordingly, the decision of the Appellate Division is

Reversed, with direction that the judgment of dismissal be reinstated.

*For reversal*—Chief Justice VANDERBILT, and Justices WACHENFELD, BURLING and JACOBS—4.

*For affirmance*—Justice OLIPHANT—1.