**ERIC BROWN, Plaintiff**

v.

**ELIOT GUZMAN, ANASTACIO PARILLA, ANGEL MIGUEL PARILLA and PASCAL VASQUEZ PEREZ, Defendants**

No. S.C. 39-42/1965

Municipal Court of the Virgin Islands

Div. of St. Croix
Christiansted Jurisdiction

August 10, 1965

Before JOSEPH, *Municipal Judge*

This is an action for damages brought in the small claims division by the plaintiff, Eric Brown, against the defendants, Eliot Guzman, Anastacio Parilla, Angel Miguel Parilla and Pascal Vasquez Perez. At the time the case was called for trial Pascal Vasquez Perez was not served with summons, and the plaintiff elected to proceed only against those of the defendants brought within the jurisdiction of the court.

There is no conflict in the evidence. From the testimony adduced before me I find the facts as follows: The plaintiff was the owner and operator of a Ford Falcon automobile which was traveling in a westerly direction on the Centerline Road in St. Croix between Estate Adventure and Estate Plessens at about 10:30 p.m. January 30, 1965. A Chevrolet convertible, with the top lowered, carrying the defendants, approached plaintiff's car, traveling east. As the convertible passed, a loud noise was heard. A passenger in plaintiff's car remarked that the approaching car must have had a flat, but the plaintiff determined that the sound was due to his windshield breaking. A hole, about two inches in diameter, was made in the windshield of the

plaintiff's car, and the remainder of the windshield was cracked. Plaintiff did not know of or see any object being thrown. Immediately after the impact plaintiff stopped his car, turned around and pursued the convertible carrying the defendants to the intersection of the Centerline Road and the road leading to the Profit Subdivision. Plaintiff then gave up the chase, but was able to secure the license number of the car in which the defendants were riding. He then went to the police station at King's Hill and reported the occurrence. The defendants were located shortly thereafter in a bar in the Profit Subdivision, commonly known as "Machuchal". While plaintiff's car was pursuing the car in which the defendants were riding plaintiff noticed that one of the defendants touched another and then made a motion with his hand in the direction of the plaintiff's car. Plaintiff did not hear what was said.

The defendants at trial claimed lack of knowledge of the English language and an interpreter was secured for them. Defendant Eliot Guzman testified that he and five other persons were riding in the Chevrolet convertible traveling east on the Centerline Road; that neither he nor any of his passengers threw anything at the plaintiff's car; that when they were approached by a police officer in a bar at "Machuchal" and informed of the charge made against them, they theorized that plaintiff's car might have been hit by a stone set into motion by the wheels of the plaintiff's automobile. The other defendants stood on the testimony of Defendant Guzman.

■ I hold that the plaintiff's case fails for the want of evidence. In order for the defendants, or any of them, to be liable for the damage done to the plaintiff's windshield, on this state of facts, there must be some direct evidence before the court that some object was thrown, negligently or intentionally, by one of the defendants. I am not unaware that it was nighttime and it would be difficult or well-nigh

51

impossible for the plaintiff to see someone throw an object at his windshield. But neither can I rule out the fact that the damage to the plaintiff's automobile could have been caused by a stone set into motion by either of the cars.

■ The doctrine of res ipsa loquitur is not applicable on this state of facts.

In Larsen v. St. Francis Hotel, 1948, 83 Cal. App.2d 210, 188 P.2d 513, a chair was thrown from an unidentified window in defendant's hotel while plaintiff was walking on the sidewalk below. No one saw from whence the chair came. There was no identification of the chair as coming from defendant's hotel, although the court inferred that the chair came from the hotel. The doctrine of res ipsa loquitur was invoked by the plaintiff. The court refused to apply the doctrine of res ipsa loquitur, saying:

"The res ipsa doctrine applies only where the cause of injury is shown to be under the exclusive control and management of the defendant and can have no application . . . to a case having a divided responsibility where an unexplained accident may have been attributable to one of several causes, for some of which the defendant is not responsible . . . ."

■ The authorities are equally clear that impossibility of proof of material facts does not change rules of evidence, but leaves the one having the burden of proof with a claim that is unenforceable. This is the rule laid down in Henry H. Cross Co. v. Simmonds, 96 F.2d 482 (C.C.A.8th, 1938). In that case the administrators of the estate of Charles Austin Sears brought an action to recover for the death of Sears, alleged to have occurred due to the negligence of the defendant. One of the questions raised was whether the deceased was on the premises of the defendant as an invitee. The case was devoid of any evidence that plaintiff's intestate was on the premises as an invitee, and to determine that the deceased's status was an invitee would be the result of a conjecture or guess. There the court stated:

"The impossibility of proof of material facts, while a misfortune, does not change rules of evidence, but leaves the one having the burden of proof with a claim that is unenforceable."

The above conclusion is not altered by the fact that this proceeding was in the small claims division of the court.[1] There was nothing in the testimony or the conduct of the defendants from which the court could infer that the damage to the plaintiff's windshield was directly attributable to the defendants or any of them.

The complaint must be dismissed.

---

[1] Rule 64 of the Rules of the Municipal Court provides:

" . . . The judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings, or evidence, except such provisions relating to privileged communications."