## UPTHEGROVE v MYERS

Docket No. 46475. Submitted May 12, 1980, at Detroit.—Decided September 2, 1980. Leave to appeal applied for.

Bruce Eichner rented a guest room at the Troy Hilton Inn, owned by defendant Troy Hilton Operating Company, for the purpose of having a party. Many young people were invited and expected to bring their own alcoholic beverages. Twenty to 30 persons attended, including defendant James E. Myers, who consumed at least 12 cans of beer at the party. No alcoholic beverages were purchased from the Troy Hilton; however, employees did deliver ice and glasses to the party. At about 3 a.m. the hotel employees asked the participants to leave. James Myers got in a car owned by Donald W. Myers, drove approximately four miles and struck the rear of an automobile, killing Floyd B. Upthegrove. James W. Upthegrove, administrator of Floyd Upthegrove's estate, and Audrey Upthegrove, decedent's mother, brought suit against James Myers, Donald W. Myers and the Troy Hilton Operating Company in the Oakland Circuit Court, alleging, among other things, a cause of action against Troy Hilton under the dramshop act and a cause of action against Troy Hilton in common-law negligence for failure to police the premises and prevent disorderly conditions under its control. The court, Hilda R. Gage, J., granted partial summary judgment for Troy Hilton Operating Company on the common-law negligence claim, holding that it had no duty to supervise and that any recovery for injuries caused by intoxicated persons was exclusively statutory. Plaintiffs appeal. *Held:*

1. There is a common-law right of recovery for injuries caused by a breach of duty owed by an innkeeper.

2. The Troy Hilton Operating Company owed no duty to such a remote person as the decedent.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 557, 561.

[2] 45 Am Jur 2d, Intoxicating Liquors § 557.

Liability of innkeeper, restaurateur, or tavern keeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant. 70 ALR2d 628.

[3] 45 Am Jur 2d, Intoxicating Liquors § 578.

1. INTOXICATING LIQUORS — CIVIL LIABILITY — COMMON-LAW DUTY —
    DRAMSHOP ACT.

   The dramshop act does not affect the common-law duty of a
   liquor establishment to maintain a safe place of business for its
   customers.

2. INNKEEPERS — COMMON-LAW DUTY.

   An innkeeper has a duty to its guests to exercise ordinary care
   and prudence to keep its premises reasonably safe; that same
   duty extends to guests of guests.

3. INNKEEPERS — COMMON-LAW DUTY — INTOXICATING LIQUORS.

   A hotel owes no duty of supervision to a party injured four miles
   from the hotel by a hotel guest's visitor who became intoxi-
   cated during the visit.

*Bebout, Potere, Cox, Hughes & Cadieux,* for
plaintiffs.

*Seavitt, Westcott, Stowe, Magnuson & Beeby* (by
*Thomas L. Misuraca),* for defendant Troy Hilton
Operating Company.

Before: T. M. BURNS, P.J., and R. M. MAHER and
M. E. CLEMENTS,* JJ.

T. M. BURNS, P.J. Plaintiffs appeal as of right a
July 17, 1979, lower court order granting defen-
dant Troy Hilton's motion for partial summary
judgment.

On February 8, 1975, Bruce Eichner, who is not
a party in this action, rented a guest room at the
Troy Hilton Inn for the purpose of conducting a
party. Several young persons were invited and all
were expected to bring their own alcoholic bever-
ages. Twenty to 30 young persons attended, includ-
ing defendant James Edward Myers, who con-
sumed at least 12 cans of beer.

No alcoholic beverages were purchased from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Troy Hilton. Hotel employees did deliver ice and glasses to the room when the party was in full swing. At approximately 3 a.m., hotel employees asked most of the participants to leave. Defendant James Myers got into his car, drove approximately four miles, then struck the rear of Floyd B. Upthegrove's car, which was stopped at a red light. Upthegrove died almost immediately.

Depositions of Troy Hilton employees indicate the hotel had had some problems with young persons renting rooms for parties. Desk clerks were instructed to try to discourage young people from renting rooms for parties. Hotel security officials stated that the Hilton's policy was to break up such parties when they became too loud.

Plaintiffs alleged that defenant Troy Hilton negligently failed to police its premises or otherwise prevent disorderly conditions by those under its control. Defendant Troy Hilton filed a motion for partial summary judgment which was granted after a hearing. The trial court offered two grounds for granting the motion: first, the innkeeper had no duty to supervise; and second, any recovery for injuries caused by intoxicated persons was exclusively statutory.

The trial court erred in holding that recovery was exclusively statutory. Michigan's dramshop act provides a civil cause of action against those who unlawfully furnish intoxicating liquor. That act does not affect the common-law duty of a liquor establishment to maintain a safe place of business for its customers. *Manuel v Weitzman,* 386 Mich 157, 163-164; 191 NW2d 474 (1971).

The trial court properly recognized, however, that defendant Troy Hilton owed no duty to plaintiff to supervise the activities of its visitors' guests. The hotel was the scene of a party, which took

place without the hotel's permission. When hotel employees observed the party under way, they did not halt it immediately, but allowed it to proceed until 3 a.m.

Plaintiffs' decedent was not attending the party, nor was he in the immediate vicinity of the hotel.

The threshold question in this case is whether the hotel had a duty or obligation recognized by law that required it to conform to a certain standard of conduct for the protection of others against unreasonable risks. Unless defendant owed such a duty to plaintiff, the negligence analysis can proceed no further. *Cook v Bennett,* 94 Mich App 93, 98; 288 NW2d 609 (1979).

An innkeeper has a duty to protect guests from injury. The innkeeper must exercise ordinary care and prudence to keep his premises reasonably safe for business invitees. That same duty is extened to guests of guests, who have a right to expect the premises to be reasonably safe. *Keech v Clements,* 303 Mich 69, 73; 5 NW2d 570 (1942).

Although no Michigan cases discuss the liability of a hotel when passersby are injured, in other jurisdictions the duty to keep the premises reasonably safe has been extended to those passersby in the immediate vicinity of the hotel. *Connolly v The Nicollet Hotel,* 254 Minn 373; 95 NW2d 657 (1959), *Gore v The Whitmore Hotel Co,* 229 Mo App 910; 83 SW2d 114 (1935).

Where, however, a hotel employee took some action to control its guest's behavior and no incident arose to indicate further action was required, the hotel was not held liable for injuries sustained when a guest threw a soft drink bottle from a window and injured a passerby. *Holly v Meyers Hotel & Tavern, Inc,* 9 NJ 493, 496-497; 89 A2d 6

(1952). See also *Bruner v Seelbach Hotel Co,* 133 Ky 41; 117 SW 373 (1909).

These non-Michigan cases recognize a duty to protect passersby after a relationship has arisen between the passerby and the hotel due to the proximity of the passerby. That proximity gives the passerby the right to rely on the hotel's reasonably safe condition.

Plaintiffs in the case at bar must, however, rely on some other duty. Plaintiff's decedent was injured four miles from the hotel after the guest's visitor had left the hotel premises. The situation is factually similar to that in *Wiener v Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or 632; 485 P2d 18 (1971), where a duty to supervise was alleged when owners of a tree farm and motel rented space to a fraternity for a party. Plaintiff had attended the party and was a passenger in a fraternity member's car when she was injured in an accident that occurred after leaving the party. The Oregon Supreme Court rejected a claim that the owners of the farm could be held liable for failure to supervise the party or for failure to control the host's exercise of judgment.

In the case at bar, no duty of the hotel can be found to the plaintiff to supervise the activities of the hotel guest's visitor after he left the premises. The hotel had fulfilled any duty it had to passersby to keep the premises reasonably safe. It has no further duty.

Affirmed.