*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES HEUSCHNEIDER,

Plaintiff-Appellant,

v

WOLVERINE SUPERIOR HOSPITALITY, INC.
doing business as COMFORT INN & SUITES,

Defendant-Appellee.

UNPUBLISHED
June 4, 2019

No. 341053
Washtenaw Circuit Court
LC No. 17-000009-NO

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, James Heuschneider, appeals as of right the trial court's order granting defendant's, Wolverine Superior Hospitality, Inc., motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand.

## I. BACKGROUND

This case arises from a spider bite that plaintiff suffered while staying in a room at the Comfort Inn & Suites in Ann Arbor, Michigan. According to plaintiff, emergency room doctors opined that he was bitten by a brown recluse spider because of the way his body reacted to the venom. Plaintiff filed a complaint against defendant for damages he sustained from the spider bite. He pled four theories: innkeeper's liability, premises liability, ordinary negligence, and nuisance. Plaintiff averred that defendant had a duty to provide reasonably safe accommodations to its guests and that it breached that duty by failing to take any action to protect or warn its guests of a dangerous condition (the spider's presence). According to plaintiff, defendant's failure to maintain the accommodations in a reasonably safe condition proximately caused plaintiff's spider bite. As a result of the spider bite, plaintiff sustained severe and permanent personal injuries, including a left leg abscess, cellulitis of the left leg wound, necrosis of the left leg wound, deep venous thrombosis, pulmonary emboli, pleural effusion, pulmonary infarction, multiple surgeries to his leg and chest, weeks of inpatient hospitalization, and rehabilitation.

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). Defendant contended that plaintiff could not prove proximate causation because plaintiff was unable to produce competent evidence showing that the alleged spider did not arrive in the hotel room on plaintiff's own clothing or luggage. Furthermore, defendant asserted that no duty was owed to the plaintiff under the doctrine of ferae naturae. That doctrine holds that a landowner cannot be held liable for the actions of wild animals on his or her property unless the animals were in the landowner's possession or control. The trial court granted the motion for summary disposition. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues on appeal that the trial court erred in granting defendant's motion for summary disposition. We agree.

### A. STANDARD OF REVIEW

This Court reviews "the trial court's denial of defendant's motion for summary disposition de novo." *Bellinger v Kram*, 319 Mich App 653, 658-659; 904 NW2d 870 (2017). "A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone." *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). The Court must "determine whether the plaintiff has stated a claim upon which relief can be granted." *Id*. at 129-130. "The motion should be granted if no factual development could possibly justify recovery." *Id*. at 130.

When reviewing a motion brought pursuant to MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). This Court's "task is to review the record evidence, and all reasonable inferences drawn from it, and decide whether a genuine issue regarding any material fact exists to warrant a trial." *Id*. A genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997) (citations omitted).

### B. ANALYSIS

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999). "Proximate cause, also known as legal causation, . . . involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017). "In a negligence action, a plaintiff must establish both factual causation, i.e., the defendant's conduct in fact caused harm to the plaintiff, and legal causation, i.e., the harm caused to the plaintiff was the general kind of harm the defendant negligently risked." *Id*. at 64. "The moving party may thus satisfy its burden under MCR 2.116(C)(10) by submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim, or by "demonstrat[ing] to the court that the

nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted, alterations in original).

"An innkeeper has a duty to protect guests from injury. The innkeeper must exercise ordinary care and prudence to keep his premises reasonably safe for business invitees." *Upthegrove v Myers*, 99 Mich App 776, 779; 299 NW2d 29 (1980). In plaintiff's case, MCL 125.474 further provides that "[t]he owner of every dwelling shall be responsible for keeping the entire building free from vermin." "The question whether a defendant has breached a duty of care is ordinarily a question of fact for the jury and not appropriate for summary disposition." *Latham v National Car Rental Systems, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000). However, if the "moving party can show either that an essential element of the nonmoving party's case is missing, or that the nonmoving party's evidence is insufficient to establish an element of its claim, summary disposition is properly granted." *Id*.

The trial court granted summary disposition for lack of legal duty and failure to present evidence of foreseeability. The court found that no legal duty was owed to the plaintiff based on the doctrine of ferae naturae, or *wild things*, over which defendant had no control. The court relied, in part, on the affidavit of an entomology expert, arthropod diagnostician, Howard Russell, who opined that spiders were wild animals. The trial court found that no duty was owed to the plaintiff based on the holding in *Glave v Michigan Terminix Co*, 159 Mich App 537; 407 NW2d 36 (1987), which ascribed a duty only where a wild animal is under the control of an alleged tortfeaser. "By asserting dominion over a wild animal and keeping it, an individual may be held liable for personal injuries caused by the animal's conduct." *Id*. at 540. Here, the court found the fact that the spider was a wild animal an absolute defense to each of plaintiff's claims of premises liability, innkeeper's liability, negligence, and nuisance. We find that the court erred in applying the doctrine of ferae naturae to the innkeeper defendant.

The doctrine of ferae naturae has its genesis in the common law. The common law remains in force until modified. *Wold Architects and Engineers v. Strat*, 474 Mich 223, 233; 713 NW2d 750 (2006). "Our statute limiting the liability of an innkeeper is in derogation of the common law and must be strictly construed." *Davis v Cohen*, 253 Mich 330, 335; 235 NW 173 (1931). The trial court explicitly found that the innkeepers' liability statute was inapplicable to this case because it found that spiders were not vermin. This was erroneous. MCL 125.474 provides:

> Every dwelling and every part thereof shall be kept clean and shall also be kept free from any accumulation of dirt, filth, rubbish, garbage or other matter in or on the same, or in  the  yards,  courts,  passages,  areas  or  alleys  connected therewith or belonging to the same. *The  owner  of  every  dwelling  shall  be responsible  for  keeping  the  entire  building  free  from  vermin . . .* [Emphasis added].

The statute does not define vermin. Therefore, we look to the common meaning of the word. *Stanton v City of Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002). *Merriam-Webster's Dictionary* (11th ed) defines vermin, in relevant part, as "1. a : small common harmful or objectionable animals (such as lice or fleas) that are difficult to control . . ." A spider is an

arachnid belonging to the same class as mites.[1]  Spiders fit within the common meaning of vermin.

## 1. FORESEEABILITY

The defendant's hotel manager testified that approximately one-third of the total rooms were sprayed monthly on a rotational basis.  However, she was not sure of the last time plaintiff's room was sprayed before the spider bite.  Russell reviewed several documents related to the case, including the service reports from Advanced Pest Control.  He testified that Advanced Pest Control used two different products: Phantom and Conquer.  According to Russell, both products had residual effectiveness, and he believed that both products would be effective for approximately one month.  Russell noted that the service reports indicated that plaintiff's room was last sprayed on June 8, 2015.  Plaintiff's incident occurred on August 20, 2015.

There was conflicting testimony concerning how the brown recluse ended up in plaintiff's room.  Russell explained that brown recluse spiders were not typically found in Michigan; however, there had been isolated discoveries of brown recluses in the very city of the injury.  He testified that spiders, including the brown recluse, were known to travel from one location to another on articles of clothing or luggage.  Such transport of spiders and other insects is reasonably foreseeable at a location housing transients.  The plaintiff testified that he did not transport the spider but encountered it when he was under the hotel's bedding for the first time. Russell agreed that it was possible that the spider was in the hotel room when plaintiff arrived.

A question of fact exists as to whether defendant's practices for pest control management breached its duty to keep the premises reasonably safe and free from vermin.  The evidence at the time the summary disposition motion was decided indicated that plaintiff's room had been untreated for over one month prior to the injury, a period outside the efficacy of the pesticides used at the location.  Reasonable minds could disagree as to whether defendant breached its duty in this instance and whether the breach proximately caused plaintiff's injuries.

Given our disposition, it is unnecessary to address plaintiff's additional argument that the trial court prematurely granted summary disposition before the close of discovery.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra

---

[1] See https://www.britannica.com/animal/arachnid, last accessed May 5, 2019.